UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH JAMES GINGRICH, : | |
| Plaintiff : | CIVIL ACTION NO. 3:23-1055 |
| v. : | (JUDGE MANNION) |
| TINA LITZ et al., : | |
| Defendants : | |

### MEMORANDUM

**I.   Background**

On June 26, 2023, Plaintiff, Zachariah James Gingrich, an inmate currently confined in the Lebanon County Correctional Facility, filed the above captioned civil rights pursuant to 42 U.S.C. §1983. (Doc. 1). He complains that his conditions of confinement violate his Eighth Amendment right to be free from cruel and unusual punishment. Id.

Also on June 26, 2023, this Court issued a Thirty (30) Day Administrative Order, directing Plaintiff to either pay the full filing fee or submit a completed application to proceed *In Forma Pauperis*, within thirty days. (Doc. 5).

On July 19, 2023, Plaintiff submitted a letter to this Court indicating that the wishes to "cancel" the above captioned action so that he may continue solely with his prior action, Gingrich v. Litz, Civil No. 23-0982, which was filed

on June 14, 1023. (Doc. 6). The Court construes Plaintiff's letter as a motion to withdraw the above captioned action.

II.   **Discussion**

This Court has an obligation to liberally construe *pro se* pleadings and other submissions. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–46 (3d Cir. 2013). Although Gingrich does not cite the rule itself, it is clear to the Court that the intent of his letter is to effect the voluntary dismissal of this action, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(a)(1).

"Rule 41(a)(1) allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." Manze v. State Farm Ins. Co., 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.... Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

Without exception, the effect of the filing of a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is "automatic when the defendant does not file a response, and no order of the district court is needed to end the action." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." Id. "[T]he defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment." Id.

> As the Third Circuit has further explained:
>
> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." Up to the "point of no return," dismissal is automatic and immediate—the right of the plaintiff is "unfettered." A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

Id. at 165–66 (citations omitted) (quoting other sources).

Because the Defendants have not filed an answer to the complaint, or a motion for summary judgment, Gingrich's motion requesting dismissal of

- 3 -

this action (Doc. 6), liberally construed as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus acts to terminate the action. See Aamot v. Kassel, 1 F.3d 441, 445 (6th Cir. 1993) (holding that a Rule 41(a)(1) notice is "self-effectuating"). An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 20, 2023**
23-1055-01